**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CARMEN OCCHIPINTI,

    Petitioner,

    v.

WARDEN, *Lewisburg USP*,

    Respondent.

No. 4:19-CV-01520

(Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 30, 2019

## I.     BACKGROUND

In 2014, Carmen Occhipinti pled guilty to numerous counts of wire fraud, bank fraud, witness tampering, tax evasion, and money laundering and, in 2015, was sentenced to a total term of 120 months' imprisonment.[1]  Occhipinti did not appeal his convictions or sentence, but instead filed a timely 28 U.S.C. § 2255 motion in which he asserted that he had received ineffective assistance of plea counsel.[2]  The sentencing court denied Occhipinti's § 2255 motion, and the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability and dismissed Occhipinti's appeal.[3]  In January 2018, Occhipinti applied for authorization to file a

---

[1]   Doc. 2 at 4-5.

[2]   *United States v. Occhipinti*, 1:14-cr-00229-JG (N.D. Oh., Doc. 78).

[3]   *Id.* at Docs. 92, 98.

second or successive § 2255 motion based on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017); the Sixth Circuit denied that application.[4]

Occhipinti has now filed a 28 U.S.C. § 2241 petition with this Court in which he argues that his convictions and sentence must be vacated because (1) he received ineffective assistance of plea counsel, and (2) the sentencing court improperly and untimely altered the criminal judgment.[5] For the following reasons, the petition will be dismissed.

## II.    DISCUSSION

Although federal law generally requires that, when evaluating a § 2241 petition, district courts "issue an order directing the respondent to show cause why the writ should not be granted," courts need not do so if "it appears from the application that the applicant or person detained is not entitled thereto."[6] Thus, "a district court is authorized to dismiss a [§ 2241] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[7]

---

[4]    *In re Occhipinti*, No. 18-3096 (6th Cir., Docs. 1,9).

[5]    Doc. 2 at 8-18.

[6]    28 U.S.C. § 2243.

[7]    *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks omitted).

Occhipinti challenges the validity of his criminal convictions and sentence, not their execution.[8] Although Occhipinti brings this challenge in a § 2241 petition, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."[9] Thus, "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"[10]

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."[11] "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[12]

Accordingly,

[The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and

---

[8] "In order to challenge the execution of his sentence under § 2241, [Occhipinti] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012).

[9] *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

[10] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

[11] *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

[12] *Id.*

our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.[13]

The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges his federal conviction under § 2241 when the underlying claims do not fit within the Savings Clause, the petition must be dismissed.[14]

When evaluated under this standard, Occhipinti's claims do not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241 petition. First, Occhipinti makes no claim that he is actually innocent of his crimes of conviction, but instead asserts that his plea counsel was ineffective in various ways—none of which implicate Occhipinti's factual or legal guilt. Second, Occhipinti's § 2241 petition does not rely on any intervening court decisions that would cast doubt upon his guilt for his crimes of conviction. Finally, there is no plausible assertion that a § 2255 motion is inadequate to test the legality of

---

[13] *Bruce*, 868 F.3d at 180 (citations and internal quotation marks omitted).

[14] *See id.* at 183 (noting the jurisdictional nature of the Savings Clause inquiry).

Occhipinti's convictions or sentence; rather, he seems to bring his challenge under § 2241 only because his prior § 2255 motion was denied, and he was denied authorization from the Sixth Circuit to file a second or successive § 2255 motion. Consequently, this Court does not have jurisdiction over Occhipinti's § 2241 petition, and it must be dismissed.

## III.  CONCLUSION

Occhipinti's claim does not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition.  Occhipinti's § 2241 petition will therefore be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge